OPINION
KILMER, J.:
Summary of Proceedings
This matter is before the Tulalip Tribal Court of Appeals pursuant to a Notice of Appeal filed September 15, 2014 by the Tulalip Tribes contending that the Tulalip Employment Court made mistakes of law and procedure affecting the Court’s decision when it issued a pair of orders on July 15 and September 5, 2014.
This is an employment appeal case brought by L.H. after she had received a Notice of Demotion on June 14, 2014. Pursuant to former Chapter 9.10 of Title 9, an employee could appeal a disciplinary demotion in the Employment Court, but not a performance-based demotion. The Tribes contended that the demotion was for unsatisfactory performance, and thus could not be appealed to the Employment Court, while L.H. argued it was disciplinary in nature and thus could be heard by the Court.
The Employment Court eventually issued a pair of orders: one denying the Tribes’ motion to dismiss for lack of jurisdiction, ruling that the Notice of Demotion itself presented sufficient factual support that the demotion was disciplinary in nature; the other order granted L.H.’s motion for production of her complete personnel file. The Tribes appealed both orders.
The sole issue on appeal was whether the Employment Court had jurisdiction to review L.H.’s demotion. However, after this Court of Appeals accepted review, but before oral argument was held, the Tulalip Tribes adopted Resolution No. 2014-378, which repealed Chapter 9.10 in its entirety as of November 1, 2014, adopted a new Government Employee Handbook, and abolished the Employment Court. Later, on January 10, 2015, Resolution 2015-012 was adopted. That Resolution temporarily reinstated Chapter 9.10 for the explicitly limited purpose of allowing two ongoing employment appeal cases to continue in the Employment Court before that Court was to be finally abolished. (This case was not one of those two.)
After oral argument had been conducted, and because of the recent adoption of Resolution 2014-378, this Court issued an order on March 23, 2015 requesting that the parties provide supplemental briefing on the issues of whether Resolution No. 2014-378 deprived L.H. of any right of review that she may have had at the inception of her action; and, if the answer was “no,” did the abolition of the Employment Court render her appeal moot, or may that appeal now be heard pursuant to the Handbook’s new administrative review *341 process? Supplemental briefing was filed by the parties in late April.
Standard of Review
Section 2.20.090 of the Tulalip Tribal Code (TTC) provides the standard this Court of Appeals is to use when reviewing a decision of the Tribal Court:
(1) A finding of fact by a Judge shall be sustained unless clearly erroneous;
(2) A factual inference drawn by a Judge or jury shall be reviewed as a finding of fact if more than one reasonable inference can be drawn from the fact;
(3) Any finding by the Judge, whether explicit or implicit, of witness credibility shall be reviewed as a finding of fact;
(4) A conclusion of law shall be reviewed de novo, or without deference to the Tribal Court’s determination;
(5) Construction of an unambiguous contract term is reviewed as a conclusion of law;
(6) A matter which is a mixture of law and fact is reviewed by the standard applicable to each element;
(7) A sentence and the imposition of fine, forfeiture, or other penalty, excluding the assessment of damages, shall be reviewed as a discretionary determination of the Tribal Court;
(8) A matter which is within the discretion of the Tribal Court shall be sustained if it is reflected in the record that the Tribal Court exercised its discretionary authority, applied the appropriate legal standard to the facts, and did not abuse its discretion. A matter committed to the discretion of the Tribal Court shall not be subject to the substituted judgment of the Court of Appeals.
Former TTC 9.10.950(12) provided, with respect to appeals from the Employment Court:
Appellate Court. Any party to an Employment Court proceeding may have an appeal on the record to the Tulalip Court of Appeals of any final decision of the Employment Court. The appeal shall be taken by filing a written Notice of Appeal with the Clerk of the Tribal Court within 10 calendar days from the date of final decision of the Employment Court except that on a motion by any party the Court of Appeals may stay a trial if the issue in the appeal is the jurisdiction of the Employment Court. The Notice of Appeal shall be served on all other parties by the party filing the Notice of Appeal. The filing of an appeal under this section shall not stay the decision of the Employment Court. The jurisdiction of the Court of Appeals in appeals of Employment Court final decisions shall be to reverse the Employment Court and direct a new trial where the decision of the Employment Court is found to be arbitrary, capricious, or unsupported by substantial evidence; or, where the issue to be considered on appeal is the jurisdiction of the Employment Court, a trial if the Employment Court on appeal is found to have jurisdiction.
Decisions of the Employment Court are to be affirmed unless the decision is “arbitrary, capricious, or unsupported by substantial evidence.” TTC 9.10.950(12). “If we find error in the factual findings, we will reverse and remand for a new trial, but if we find only legal error and no factual issues remain, we may vacate the decision of the Employment Court.” C.S. v. Tulalip Tribes Housing Dept., 9 Am. Tribal Law 407, 10 NICS App. 6, 7 (Tulalip Tribal Ct.App.2011), citing Tribal Gaming Agency v. Half Moon and Stamp, 7 NICS App. 143, 14S (Tulalip Tribal Ct. App, 2006); Tribal Gaming Agency v. Murray, 5 NICS App. 90, 91-92 (Tulalip Tribal *342 Ct.App.1998). “[Tjhis Court has long-considered a ruling based on an error of law to be ‘arbitrary’ for purposes of Employment Court appeals.” J.M. v. The Tulalip Tribes, 11 Am. Tribal Law 458, 12 NICS App. 52, 53 (Tulalip Tribal Ct.App.2014).
TTC 2.20.100 provides, in relevant part: “The Court of Appeals may affirm the Trial Court decision, modify the Trial Court decision in whole or in part, reverse the Trial Court decision in whole or in part, order a new trial, or make any other ruling which disposes of the issues raised by the appeal.”
Discussion
As stated earlier, this is a case that was filed in the Tulalip Tribal Court, Employment Court division, against the Tulal-ip Tribes, by L.H., appealing her employment demotion.
The Tulalip Tribes, as a sovereign nation, enjoys immunity from suit. Madison v. Tulalip, — Am. Tribal Law —, 6 NICS App. 212, 213 (Tulalip Tribal Ct.App.2004), citing, among other cases, Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58-59, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978). The Tulalip Tribes, however, may waive its immunity from suit, but any such waiver must be explicit and cannot be implied. Id.
TTC 2.05.020(3) sets out the Tulalip Tribes’ general immunity from suit:
Tribal Immunity. The Tulalip Tribes, its Board of Directors, its agencies, enterprises, chartered organizations, corporations, or entities of any kind, and its officers, employees, agents, contractors, and attorneys, in the performance of their duties, shall be immune from suit; except where the immunity of the Tribes or its officers and employees is expressly, specifically, and unequivocally waived by and in a Tulalip Tribal or Federal statute, a duly executed contract approved by the Tulalip Board of Directors, or a duly enacted ordinance or resolution of the Tulalip Board of Directors.
See also TTC 9.25.070.
One example of such an explicit waiver was found in former Chapter 9.10, which allowed certain disciplinary-related employment matters to be brought in the former Employment Court. TTC 9.10.060 stated in relevant part: “The provisions of this chapter shall not waive the sovereign immunity of the Tribes. This provision shall not apply where this chapter clearly and expressly grants a specific remedy against the Tribes.” TTC 9.10.950(4) allowed only disciplinary demotions, suspensions and dismissals to be appealed to the Employment Court. That was an explicit waiver of sovereign immunity. Resolution 2015-012 is also a waiver of sovereign immunity, but for the explicit purpose of granting the Employment Court continued jurisdiction and “life” for only the two specified matters.
This Court previously held that the Employment Court is an administrative court of limited jurisdiction. “In administrative cases for the Tulalip Tribes, the Employment Court acts as a reviewing court not a fact-finding court, even though the same judges may sit on both courts.” Tulalip Tribes v. Bill, — Am. Tribal Law—, 8 NICS App 51, 53 (Tulalip Tribal Ct.App. 2008).
The parties both acknowledged at oral argument that, under Tulalip law, there is no “employment right,” nor a property right to employment with the Tribes. See former TTC 9.10.950(8). (The limited waiver of sovereign immunity found in Chapter 2.35 for tort claims is inapplicable.)
L.H. argues, however, that she has a “vested right to appeal” that should be *343 remanded to the Employment Court, and that the repeal of Chapter 9.10 should not be applied retroactively to deny her appeal to the Employment Court “absent clear legislative intent otherwise,” Appellee’s Supplemental Brief at p. 7.
Resolution 2014-378 evidences clear legislative intent that the Employment Court was to cease to exist as of November 1, 2014. Resolution 2015-012 stated, in part, that it was temporarily reinstating TTC 9.10 to give the Employment Court continuing jurisdiction to hear only the two specified cases (not including this one concerning L.H.). Any “right to appeal” to that Court by L.H., vested or otherwise, no longer exists. Any and all rights to appeal to that Court, but for those two unrelated cases, have been terminated. The explicit, but limited, waiver of sovereign immunity from suit for certain employment-related cases, that had been provided by former TTC 9.10.950(4), was also abolished with the repeal of Chapter 9.10.
Conclusion and Order
This Court concludes that the original issue brought on appeal—whether the Employment Court made a mistake of law and procedure affecting the outcome of its decision that it had jurisdiction to review L.H.’s demotion—is now moot due to the unusual circumstances of the repeal of Chapter 9.10 and the abolition of the Employment Court. There is no longer an Employment Court And there is no longer an explicit waiver of sovereign immunity to bring any disciplinary-related employment actions in the Tulalip Tribal Court, or its administrative sub-divisions, because the limited waiver that had been created in former Chapter 9.10 also was abolished with the repeal of that chapter in November 2014.
It is therefore ordered that this matter in the Tulalip Court is hereby dismissed. Because the Employment Court is no longer in existence, we also vacate its order requiring production of L.H.’s personnel record.
It is so ordered.